Hat, Judge,
delivered the opinion of the court:
The plaintiff in this case is claiming certain allowances which have been denied him by the accounting officers of the Government. He bases his claim upon the provisions of the act of June 10, 1922, known as the Joint Service Pay Act, 42 Stat. 625.
The provisions of the act which are pertinent to this case read as follows:
“Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled, That, beginning July 1, 1922, for the purpose of computing the annual pay of the commissioned officers of the Regular Army and Marine Corps below the grade of brigadier general, of the Navy below the grade of rear admiral, of the Coast Guard, of the Coast and Geodetic Survey, and of the Public Health Service below the grade of surgeon general, pay periods are prescribed", and the base pay for each is fixed as follows:
“The first period, $1,500; the second period, $2,000; the third period, $2,400; the fourth period, $3,000; the fifth period, $3,500; and the sixth period, $4,000.
$ $ ‡ $
“ The pay of the fourth period shall be paid to lieutenant colonels of the Army, commanders of the Navy, and officers of corresponding grade who are not entitled to the pay of the fifth or sixth period; to majors of the Army,.lieutenant commanders of the Navy, and officers of corresponding grade *832 who have completed fourteen years’ service, or whose first appointment in the permanent service was in a grade above that corresponding to second lieutenant in the Army, or who were appointed to the Regular Army under the provisions of the first sentence of said section 24; to captains of the Army, lieutenants of the Navy, and officers of corresponding grade who have completed seventeen years’ service except those whose promotion is limited by law to this grade and who are not entitled under existing law to the pay and allowances of a higher grade; and to lieutenants of the Staff Corps of the Navy, and lieutenants and lieutenants (junior grade) of the line and Engineer Corps of the Coast Guard whose total commissioned service equals that of lieutenant commanders of the line of the Navy drawing the pay of this period.
“ The pay of the third period shall be paid to majors of the Army, lieutenant commanders of the Navy, and officers of corresponding grade who are not entitled to the pay of the fourth, fifth, or sixth period; to captains of the Army, lieutenants of the Navy, and officers of corresponding grade who have completed seven years’ service or whose first appointment in the permanent service was in a grade above that corresponding to second lieutenant in the Army, or whose pr sent rank dates from July 1, 1920, or earlier; to first lieutenants of the Army, lieutenants (junior grade) of the Navy, and officers of corresponding grade who have •completed ten years’ service; and to lieutenants (junior grade) of the line and Engineer Corps of the Coast Guard whose total commissioned service equals that of lieutenants ■of the line of the Navy drawing the pay of this j)eriod.
*****
Sec. 5. Every officer paid under the provisions of this section shall receive an increase of 5 per centum of the base pay of his period for each three years of service up to thirty years. That each commissioned officer on the active list or on active duty below the grade of brigadier general or its equivalent, in any of the services mentioned in the title of this act, shall be entitled at all times, in addition to his pay, to a money allowance for .subsistence, the value of one allowance to be determined by the President for each fiscal year in accordance with a certificate furnished by the Secretary of Labor showing the comparative retail cost of food in the United States for the previous calendar year as compared with the calendar year 1922. The value of one allowance is hereby fixed at 60 cents per day for the fiscal year 1923, and this value shall be the maximum and shall be used by the President as the .standard in fixing the same or lower *833 values for subsequent years. To each officer of any of the said services receiving the base pay of the -first period the ■amount of his allowance shall be equal to one subsistence allowance, to each officer receiving the base pay of the .second, third, or sixth period the amount of this allowance shall be equal to two subsistence allowances, and to each officer receiving the base pay of the fourth or fifth period the amount of this allowance shall be equal to three subsistence allowances: Provided, That an officer with no dependents shall receive one subsistence allowance in lieu of the above allowances.
“ Sec. 6. That each commissioned officer on the active list or on active duty below the grade of brigadier general or its equivalent, in any of the services mentioned in the title of this act, if public quarters are not available, shall be entitled at all times, in addition to his pay, to a money allowance for rental of quarters, the amount of such allowance to be determined by the rate for one room fixed by the President for each fiscal year in accordance with a certificate furnished by the Secretary of Labor showing the comparative co.st of rents in the United States for the preceding calendar year as compared wtih the calendar year 1922. Such rate for one room is hereby fixed at $20 per month for the fiscal year 1923, and this rate shall be the maximum and shall be used by the President as the standard in fixing the same or lower rates for subsequent year.s. To each officer receiving the base pay of the first period the amount of this allowance shall be equal to that for two rooms, to each officer receiving the base pay of the second period the amount of this allowance shall be equal to that for three rooms, to each officer receiving the base pay of the third period the amount of this allowance shall be equal to that for four rooms, to each officer receiving the base pay of the fourth period the amount of this .allowance shall be equal to that for five rooms, and to each officer receiving the base pay of the fifth or sixth period the amount of this allowance shall be equal to that for six rooms. The rental allowance shall accrue while the officer is on field or sea duty, temporary duty away from his permanent station, in hospital, on leave of absence, or on sick leave, regardless of any shelter that may be furnished him for his personal use, if his dependent or dependents are not occupying public quarters during such period. In lieu of the/above allowances an officer with no dependents receiving the base pay of the first or second period shall receive the allowance for two rooms, that such an officer receiving the base pay of the third or fourth period shall receive the allow- *834 anee for three rooms, and that such an officer receiving the base pay of the fifth or sixth period shall receive the allowance for four rooms, but no rental allowance shall be made to any officer without dependents by reason of his employment on field or sea duty.
$ $ * $ $
“ Sec. 16. That nothing contained in this act shall operate to reduce the pay of any officer on the active list below the pay to which he is entitled by reason of his grade and length of service on June 30, 1922, not including additional pay authorized by the act entitled ‘An act to increase the efficiency of the commissioned and enlisted personnel of the Army, Navy, and Marine Corps, Coast Guard, Coast and Geodetic Survey, and Public Health Service,’ approved May 18, 1920; and nothing contained in this act shall operate to reduce the total of the pay and allowances which any enlisted man of the Army, Navy, Marine Corps, or Coast Guard is now receiving during Iris current enlistment and while he holds his present grade or rating.”
The plaintiff, under the provisions of section 1 of the act, is entitled to receive the pay of the third period, as he is a major of the Army of less than fourteen years’ service. He, however, claims that he is in fact receiving the pay of the fourth period. He does receive the annual base pay of $3,000, which is the pay of the fourth period, but he receives it by virtue of the provisions of section 16 of the act, which provide that nothing contained in the act shall operate to reduce the pay of any officer on the active list below the pay to which he is entitled by reason of his grade and length of service on June 30, 1922. The plaintiff was a major of the Army on June 30, 1922, and was as such entitled to the pay of that grade under the provisions of the act of May 11, 1908, 35 Stat. 108. That pay was the sum of $3,000, plus longevity pay. The pay which the plaintiff is now receiving is the pay of the third period, $2,400 plus $600, the amount necessary to avoid the reduction of his pay below that which he was receiving on June 30, 1922. It is not the pay of the fourth period as provided for in the act. The pay of the fourth period can only be paid to those officers who fulfill the requirements prescribed in the act. The plaintiff does not come up to those requirements; he is not a major of the Army who has completed fourteen years’ service, nor does *835 be meet any of the other requirements of the act which would entitle him to the pay of the fourth period. The plaintiff insists that because he is receiving the sum of $3,000 per annum he is really receiving the pay of the fourth period and is therefore entitled to be dealt with as an officer receiving the pay of that period. But, as a matter of fact,, he is not receiving the pay of the fourth period and does not prove that he does; for the act provides that the pay of the fourth period shall be $3,000, and, in addition, that every officer paid under the provisions of this section — that is, section 1 — shall receive an increase of 5 per cent of the base pay of his period for each three years of service up to thirty years. If the plaintiff were receiving the pay of the fourth period, under the provisions of this act he would be receiving $3,000 plus an increase of 5 per cent on that sum for each three years of his service. He has now had twelve years of service; and if he is right in his contention that his. pay is the pay of the fourth period, he should receive, in addition to his $3,000, the sum of $600. But he is only receiving $3,000 plus $300, the pay and length of service pay which he was receiving on June 30,1922, and which was preserved to him by the saving clause of the act of June 10, 1922. He is not claiming that he is entitled to receive more, and he therefore, in effect, admits that he is not being paid under the provisions of section 1 of the act, but under the provisions of section 16, which section only gives him the pay to which he was entitled under the provisions of the act of May 11, 1908. We can not escape the conclusion that the plaintiff is receiving the pay of the third period plus the $600 which the saving clause of the act provides for.
If the plaintiff is not in the fourth pay period he can not be allowed the allowances which are provided for that period. Under the provisions of the act the plaintiff is placed in the third pay period, as he is a major of the Army who is not entitled to the pay of the fourth, fifth, or sixth period. Under the provisions of the act the officer receiving the base pay of the second, third, or sixth period is entitled to two subsistence allowances, and also to an allowance which shall be equal to that for four rooms. These allowances the plaintiff has received and is receiving. If he received more, he *836 would have to be considered as an officer receiving the pay of the fourth period, and this we have shown he does not do.
The plaintiff insists that it was the intention of Congress that he and other officers in like position should receive the allowances allowed to officers of the fourth pay period, and that a great injustice will be done him if we do not construe the act to meet his view's. It does not appear from the language of the act that Congress had any such intention. If it had been desired to grant to this class of officers the allowances for which this plaintiff contends, it would have been ■easy to provide for them in the'saving clause of the act. tío far as officers were concerned, that section of the act dealt •only with pay; it said not a word about allowances, and for the obvious reason that sections 5 and 6 of the act dealt fully with allowances and provided for the allowances to which ■each officer was entitled under its provisions. Had Congress wished to confer greater benefits upon the class of officers to which the plaintiff belongs, it could have done so just as it ■did in the same clause of the act by providing allowances as well as paj^ for the enlisted man.
The petition of the plaintiff must be dismissed. It is so ■ordered.
Downey, Judge; Booth, Judge; and Campbell, Chief -Justice, concur.
Geaham, Judge, took no part in this decision.